**Dismissed and Memorandum Opinion filed November 14, 2023**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00595-CR

**JOSHUA MCFERRAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 93022-CR**

## MEMORANDUM OPINION

Appellant is attempting to appeal the denial of an application for writ of habeas corpus which was signed on March 22, 2023. Therefore, appellant's notice of appeal was due by April 21, 2023. *See* Tex. R. App. P. 26.2(a)(1).

A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court, and (b) a motion for extension of time in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion for

extension of time to file notice of appeal). The fifteenth day after April 21, 2023, was May 6, 2023.

Appellant filed his notice of appeal on August 17, 2023, a date that is not within 15 days of the due date. A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is not filed within the 15-day period, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. *See id.*

On October 17, 2023, the parties were notified that the appeal would be dismissed for lack of jurisdiction unless a party demonstrated that the court has jurisdiction by November 7, 2023. No response has been received.

Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Hassan, Poissant, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).

2